1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10

11  JOSE LUIS TAPIA-FIERRO,        )   NO. EDCV 05-00786 R (SS)
                                   )
12              Petitioner,        )   **ORDER ADOPTING FINDINGS,**
                                   )
13         v.                      )   **CONCLUSIONS, AND RECOMMENDATIONS OF**
                                   )
14  ERIC HOLDER, Attorney General  )   **UNITED STATES MAGISTRATE JUDGE**
    of the United States,          )
15                                 )
                Respondent.        )
16                                 )
    _____ )
17

18        Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition,

19  all the records and files herein, the Report and Recommendation of the

20  United States Magistrate Judge (the "R&R"), and Respondent's Objections.

21  After having made a de novo determination of the portions of the R&R to

22  which Objections were directed, the Court concurs with and adopts the

23  findings and conclusions of the Magistrate Judge.  However, the Court

24  modifies the Report by addressing Respondent's Objections in this Order.

25

26        Both parties agree that Petitioner was erroneously deported in 2001

27  because his deportation was based upon his 1999 conviction for

28  involuntary manslaughter, a felony which the Supreme Court subsequently

1   found was not an "aggravated felony" for deportation purposes.   <u>See</u>
2   <u>Leocal v. Ashcroft</u>, 543 U.S. 1, 11, 125 S. Ct. 377, 160 L. Ed. 2d 271
3   (2004).   Petitioner's claim turns on whether <u>Leocal</u> applies
4   retroactively to Petitioner's removal hearing.   If it does, then the
5   immigration judge erroneously advised Petitioner that he was not
6   eligible for relief and Petitioner's waiver of the right to appeal
7   cannot have been knowing and intelligent.

8

9       Respondent contends that <u>Leocal</u> only applies retroactively to cases
10  still open on direct review and does not apply in this case because the
11  challenged removal order is now final.   (<u>See</u> Objections at 3).
12  Respondent relies on <u>Harper v. Va. Dep't of Taxation</u>, 509 U.S. 86, 113
13  S. Ct. 2510, 125 L. Ed. 2d 74 (1993), <u>Rivers v. Roadway Ex., Inc.</u>, 511
14  U.S. 298, 312, 114 S. Ct. 1510 (1994), and <u>Morales-Izquierdo v. DHS</u>, 600
15  F.3d 1076 (9th Cir. 2010), for the proposition that new judicial
16  decisions interpreting old statutes only apply retroactively to cases
17  still open on direct review.   (<u>See</u> <u>id.</u>).   However, all three of
18  Respondent's cited cases involved judicial interpretations of <u>civil</u>
19  statutes.   <u>See</u> <u>Harper</u>, 509 U.S. at 94-98 (distinguishing between
20  retroactivity in the civil and criminal contexts and adopting a new
21  doctrine for civil retroactivity); <u>Rivers</u>, 511 U.S. at 312-13
22  (discussing judicial interpretation of 42 U.S.C. § 1981 which prohibits
23  discrimination in the making and enforcement of contracts); <u>Morales-</u>
24  <u>Izquierdo</u>, 600 F.3d at 1088 (discussing judicial interpretation of 8
25  U.S.C. § 1182(a)(9)(C) which governs the admissibility of aliens
26  unlawfully present after previous immigration violations).

27

28

2

By contrast, the Supreme Court has clearly held that subsequent judicial interpretations of substantive <u>criminal</u> statutes apply retroactively even to cases on collateral review.  <u>See</u> <u>Bousley v. United States</u>, 523 U.S. 614, 620-21, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) ("[D]ecisions of this Court holding that a substantive federal criminal statute does not reach certain conduct, like decisions placing conduct beyond the power of the criminal law-making authority to proscribe, necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal . . . .  Accordingly, it would be inconsistent with the doctrinal underpinnings of habeas review to preclude petitioner from relying on our [subsequent interpretation] in support of his claim . . . ." (internal quotation marks and citations omitted)); (<u>see also</u> R&R at 19-21).  Respondent's Objections do not address the distinction between retroactivity in the civil and criminal contexts.  (<u>See</u> Objections at 3-4).

Moreover, the Ninth Circuit has already held that <u>Leocal</u> applies retroactively to collateral challenges of final orders of removal.  <u>See</u> <u>United States v. Camacho-Lopez</u>, 450 F.3d 928, 930 (9th Cir. 2006) ("Here, the government concedes that <u>Leocal</u> -- a substantive interpretation of 'crime of violence' under 18 U.S.C. § 16 -- applies to [the defendant's] 1998 deportation hearing."); <u>see also</u> <u>United States v. Rivera-Nevarez</u>, 418 F.3d 1104, 1107 (10th Cir. 2005) ("Because <u>Leocal</u> involves a question of statutory construction, its holding is retroactively applicable to the time of [the defendant's] removal hearing. . . .  The district court's conclusion that [the defendant's] removal was valid at the time it occurred was therefore in error.").  Respondent characterizes <u>Camacho-Lopez</u> as involving the direct review

3

1  of a removal order, instead of a collateral attack, and thus argues that

2  the case is distinguishable.   (See Objections at 4).   Contrary to

3  Respondent's characterization, however, Camacho-Lopez clearly involved

4  the collateral attack of a final order of removal.  See, e.g., Camacho-

5  Lopez, 450 F.3d at 930 ("Because the underlying removal order serves as

6  a predicate element of a § 1326 illegal reentry offense, a defendant

7  charged with that offense may collaterally attack the removal order

8  under the due process clause." (internal quotation marks and brackets

9  omitted)).  Leocal, therefore, clearly applies here.

10

11  Respondent further contends that even if Leocal applies

12 retroactively on collateral review, Petitioner is not entitled to relief

13 because of a recent en banc opinion by the Ninth Circuit in United

14 States v. Lopez-Velasquez, __ F.3d __, 2010 WL 4948516 (9th Cir. Dec.

15 7, 2010) (en banc).  In Lopez-Velasquez, the Ninth Circuit held that an

16 "[immigration judge's] duty is limited to informing an alien of a

17 reasonable possibility that the alien is eligible for relief at the time

18 of the hearing."  Id. at *1.  However, the R&R expressly points out, and

19 Respondent admits, that the Ninth Circuit made clear it was not

20 addressing the situation where "subsequent precedent renders a

21 deportation order invalid," as in this case.  Id.; (see also R&R at 22-

22 23 n.3; Objections at 5).  Thus, Lopez-Velasquez is entirely consistent

23 with Supreme Court precedent dictating that subsequent judicial

24 interpretations of substantive criminal statutes apply retroactively to

25 cases on collateral review.

26

27  Finally, Respondent asks the Court to alter the relief proposed in

28 the R&R.  (See Objections at 6-8).  Rather than providing Petitioner

4

thirty days from the date of this Order to appeal the removal order, Respondent asks that the Court provide Petitioner thirty days from the date of any new or reissued removal order.  (See id. at 6).  As explained by Respondent, providing only "thirty days after any order by this Court may not allow Petitioner sufficient time to appeal a reopened decision." (Id. at 7).  The Court agrees that starting the thirty-day window to appeal after the entry of any new or reissued removal order is appropriate.  This Order provides that Petitioner's removal proceeding will be reopened before an immigration judge.  At the conclusion of those proceedings, Petitioner can pursue an appeal if necessary.  Accordingly, the Court will modify the relief according to Respondent's request.

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

1    **IT IS ORDERED THAT:** (1) the Petition is GRANTED; (2) Petitioner's

2  request for release pending appeal is DENIED; and (3) Petitioner's

3  removal order is REOPENED such that Petitioner has thirty days from the

4  date of any new or reissued removal order to file an appeal of the

5  removal order.

6

7    **IT IS FURTHER ORDERED** that the Clerk of Court serve copies of this

8  Order and the Judgment herein on counsel for Petitioner and counsel for

9  Respondent.

10

11    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

12

13  DATED:   January 5, 2011

14    _____

15    MANUEL L. REAL
     UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28